# EXHIBIT 15

Charmaine O. Evans                                5-23-02  ①

[redacted]

Dear Mr. Graham F. Gurnee

I'm writing on behalf of the Lamont M°Koy case. I was one of the individual charged with accessory after the fact of 1st degree murder. I'm also the one who gave a verbal statement and sign it. That was really a false statement. At the time I was only 16 yrs old when detectives, Michael Ballard, and Robert Parker picked me up and charge me. So while they had me downtown at the police station in a room. They kept asking me question about a murder that truly indeed I had know knowledge of. At the time I told them that I didn't know anything about the murder I ~~had~~ had been honest. So they told me that I did know something about the murder and that I was lying to them. They then told me that I could be locked up forever behind bar's, so I had started crying and also had gotten real scared pertaining to their

statement at that time. I hadn't never been to jail but one other time for 24 hrs. before being put in that situation. They then told me that Lamont had confess to the murder and told them that I was one of the guy's out there when this crime had supposed to had happened. Also they had me hancuffed to a chair for several hrs as my mother sat and watched me crying. They told me and my mother that it best for me and mother that it would be best for me to give them a statement after sitting hancuffed for hrs and they would talk with the magistrative officer about seeing to it that I have a unsercure bond. My mother was in the room. I knew that I wasn't with Lamont in my heart but the detective's had me scared up at this point. So I then gave them false statement after several's hr's. Detective Michael Ballard wrote down what I said and I sign it. I was released as promise under a 10,000 dollars unsercured bond. The next day I had my first court appearance. I then was given a court appointed lawyer. His name was

5-23-02 ③

John Britt. He asked me what happen that day and I told him that I had given the detective's a false statement, I really did not know what happened ~~that day~~. I was scared and I wanted to get out of jail. He had a tape recorder when I had told him so everything should have been recorded. The D-A wanted me to testify against Lamont and I told them I wouldn't and he got pretty upset a told me that I ~~wanted~~ would be supeniad to court which the trial was about a week away. So during that time I had gotten locked up on my probation violation and while in jail I was served the supenia papers but they didnt call me out for his trial.

They dropped the charge's of accessory after the fact against us. It had always been on my mind and in my heart that I did that to Lamont. It really does hurt me deeply.

What bring this letter about was while up here in prison a couple of month's ago watching 20/20 about a similiar story about a Johnston County teenager charged in a crime that he didn't commit and it clicked

Case 5:16-hc-02262-FL Document 2-17 Filed 10/31/16 Page 4 of 5

5-23-02  (4)

in my head that I possibly could be some help to Lamont McKoy. So if it's anything I could to help, please get back in contact with me at the address that's shown. Thank you for ~~with~~ your time.

Charmaine Evans

Signed before me this date: 5/23/02
Lou Ellen King, Notary
Comm. Exp.: 3/30/03

*[Notary seal: LOU ELLEN KING, NOTARY PUBLIC, WARREN COUNTY, N.C.]*